■ In the Matter of the Estate of LENA M. STANLEY, Deceased. FRANK G. LONGNECKER, Appellant; SUSAN T. FOX et al., Individually and as Administratices of the Estate of LENA M. STANLEY, Deceased, et al., Respondents.— Appeal from a decree of the Surrogate's Court of Tompkins County in a discovery proceeding. The court below has held, upon an overwhelming preponderance of the evidence, that the entire balance in a savings bank account in the joint names of decedent and appellant and in terms payable to either or to the survivor is the property of decedent's estate, as is the additional sum of $1,000 withdrawn by appellant from the account subsequent to decedent's death. There has been other litigation touching this same account. (See 7 A D 2d 810.) Appellant superintended the creation of the joint account, with funds of decedent, on March 28, 1955, when she first retained him as a lawyer. She was then about 82 years old and died approximately eight months later. Appellant wrote to decedent on April 12 and stated, among other things, that the transfer to their joint names was " only for convenience, so that I can draw money for your use, and I have no personal interest in the funds at all." He wrote to the same effect on July 5, adding that he would take no money from the account for his own use " until I send you a bill for services and you approve it." We fail to find in appellant's evasive and contradictory testimony or elsewhere in the record any credible basis for his present claim of ownership. The provisions of the Banking Law (§ 239, subd. 3), upon which he strongly relies, are ineffectual to aid him as the proof completely fails " to establish volition on the part of the depositor to make the deposit in the statutory form ". (Matter

*of Creekmore,* 1 N Y 2d 284, 291.) Appellant's own writings, necessarily considered as confirmatory of the parties' purpose and intent, make it abundantly clear that, as in the *Creekmore* case, there was no volition to create more than an agency. Assuming, *arguendo,* that appellant's objection that when served with the order to show cause instituting the proceeding he was not tendered witness' fees of 50 cents went to the jurisdiction, it was lost by his failure to "make a special appearance solely to object". (Civ. Prac. Act, §§ 237-a, 237.) The record discloses that he in no way limited his appearance and, further, joined with his objection a motion to dismiss the petition for insufficiency and, also, for a defect of parties. No question with respect to appellant's rights as a witness, rather than as a party, is properly before us. The answer alleges an attorney's lien, apparently as an alternative to appellant's claim of ownership. We do not consider that after wrongfully withholding the fund for some years from decedent's estate and her distributees, under a completely untenable claim of ownership, appellant should enjoy whatever advantage may accrue to him by preservation of a lien asserted as an afterthought or purely precautionary measure. We hold that he is estopped from asserting or enforcing the supposed lien. (Cf. *Bull* v. *Pendock Co.,* 239 App. Div. 590.) The validity of appellant's claim for services may not, of course, be considered in this collateral proceeding. Appellant's additional contentions are without merit and do not require discussion. Decree unanimously affirmed, with costs to respondent administratices against appellant Longnecker. Present — Foster, P. J., Bergan, Coon, Gibson and Herlihy, JJ.